UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD BOYCE,

      Petitioner,

v.                                                                        CASE NO. 04-CV-72665-DT
                                                                          HONORABLE LAWRENCE P. ZATKOFF
LINDA METRISH,

      Respondent.
_____/

**OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION
AND DENYING A CERTIFICATE OF APPEALABILITY**

This matter is pending before the Court on petitioner Floyd Boyce's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The petition attacks Petitioner's state conviction for resisting and obstructing a police officer. Respondent argues in a responsive pleading that Petitioner's claims are time-barred, unexhausted, and barred by the doctrine of procedural default. The Court agrees. Therefore, the habeas petition must be dismissed. The reasons follow.

**I. Background**

On June 10, 1999, Petitioner pleaded guilty in Oakland County Circuit Court to resisting and obstructing a police officer, MICH. COMP. LAWS § 750.479(b), and to being a habitual offender, fourth offense, MICH. COMP. LAWS § 769.12. Petitioner was thirty-five years old at the time, and he had earned his general equivalency diploma. He stated that his attorney had explained the nature of the charge to him and that he was satisfied with the explanation. He claimed to understand that he was waiving his right to a trial and the rights associated with a trial and that no one promised him anything or threatened him to make him plead guilty.

As a factual basis for his plea, Petitioner admitted that he jumped out a bedroom window and "took off running" when police officers came to his front door. The prosecutor explained to the trial court that the police went to Petitioner's residence because Petitioner had failed to appear in court on other criminal cases and was wanted for outstanding bench warrants. The prosecutor said that the police officers had chased and tackled Petitioner to stop him. Petitioner agreed with this rendition of the facts.

Petitioner also conceded that his criminal history included three prior felony convictions, and he acknowledged that the maximum penalty for the current offense was fifteen years. When he asked for a one-year sentence, which would run concurrently with a sentence that he was serving for a felonious assault conviction, the trial court responded, "No promises."[1]

---

[1] Petitioner's request was made pursuant to *People v. Cobbs*, 443 Mich. 276; 505 N.W.2d 208 (1993), which sets forth the following manner in which judges may participate in sentence discussions:

> At the request of a party, and not on the judge's own initiative, a judge may state *on the record* the length of sentence that, on the basis of the information then available to the judge, appears to be appropriate for the charged offense.
>
> To avoid the potential for coercion, a judge must not state or imply alternative sentencing possibilities on the basis of future procedural choices, such as an exercise of the defendant's right to trial by jury or by the court.
>
> The judge's preliminary evaluation of the case does not bind the judge's sentencing discretion, since additional facts may emerge during later proceedings, in the presentence report, through the allocution afforded to the prosecutor and the victim, or from other sources. However, a defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation.

*Id.*, 443 Mich. at 283; 505 N.W.2d at 212 (footnote omitted) (emphasis in original).

On the date set for sentencing, June 24, 1999, the trial court indicated that it intended to sentence Petitioner to a minimum sentence of more than a year. Petitioner's attorney responded that he had spoken with Petitioner and that Petitioner did not wish to withdraw his plea despite the fact that his sentence would exceed the amount he requested. The trial court then sentenced Petitioner to imprisonment for a minimum of two years and a maximum of fifteen years. The court ordered the sentence to run concurrently with the sentence that Petitioner was serving in his felonious assault case.

Petitioner alleges that his appellate attorney failed to file a timely application for leave to appeal. After the appellate deadline expired, the attorney filed a motion for relief from judgment in Petitioner's behalf. The motion alleged that (1) the trial court lacked jurisdiction and (2) there was an insufficient factual basis for his plea. The motion is dated July 20, 2001, but it was received in the trial court and entered on the trial court's docket on September 6, 2001. The trial court denied Petitioner's motion "for lack of merit in the issues presented." *People v. Boyce,* No. 99-166642 FH (Oakland County Cir. Ct. June 5, 2002).

Thereafter, Petitioner represented himself. He raised his habeas claims in an application for leave to appeal the trial court's decision. The Michigan Court of Appeals denied his application on January 9, 2003, for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Boyce*, No. 243511 (Mich. Ct. App. Jan. 9, 2003). Petitioner then attempted to file an application for leave to appeal in the Michigan Supreme Court. The application was received on March 12, 2003, and returned on March 17, 2003, because it was not filed within fifty-six days of the Michigan Court of Appeals decision, as required by Michigan Court Rule 7.302(C)(2).

The pending habeas corpus petition is dated June 16, 2004. It was filed by the Clerk of Court on July 19, 2004. The issues are:

> I. Whether the appellant was denied effective assistance of counsel during the guilty plea process and on appeal where:
>
>    A. Trial counsel failed to move to quash the fatally defective informations;
>
>    B. Failed to discuss options available to the defendant's defense;
>
>    C. Failed to discuss the specific intent element of resisting and obstructing;
>
>    D. failed to move to withdraw the plea after a *Cobbs* violation;
>
>    E. failed to preserve the appellant's issues for appeal when appellate counsel failed to timely assert the issues for review by virtue of MCR 6.311 and MCR 7.205(F) thus creating a procedural default; and
>
>    F. failed to move for a *Ginther* evidentiary hearing to preserve the claim of ineffective assistance of counsel.
>
> II. Whether the lower (state) court erred in determining that the jurisdictional issue lacked merit and that there was a sufficient factual basis for the plea.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Because subsections B through D are not applicable here, the statute of limitations began to run when Petitioner's conviction became final.

### 1. Expiration of the Limitations Period

A conviction ordinarily becomes final under § 2244(d)(1)(A) when "the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired." *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (citing *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000)). Petitioner, however, did not take a direct appeal from his conviction, and the time for doing so expired on June 24, 2000, one year after he was sentenced. Mich. Ct. R. 7.205(F)(3). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on June 24, 2000, when his ability to file a direct appeal expired. *Wheeler v. Jones*, 226 F.3d 656, 659 (6th Cir. 2000); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.). The statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 285, and it expired one year later on June 24, 2001. The habeas petition was filed almost three years later in 2004.

Petitioner argues that the statute of limitations did not begin to run until after the Michigan Supreme Court rejected his application for leave to appeal. This argument fails to take into account the fact that the one-year statute of limitations began to run immediately after Petitioner's conviction became final on June 24, 2000. Although the period of limitations is tolled while a prisoner's

properly filed motion for post-conviction review is pending in state court, 28 U.S.C. § 2244(d)(2), Petitioner did not file his motion for relief from judgment until (at the earliest) July 20, 2001.[2] The motion did not affect the statute of limitations, because the one-year limitations period expired before Petitioner filed his motion. *See Hargrove v. Brigano*, 300 F.3d. 717, 718 n.1 (6th Cir. 2002). The motion did not delay the date on which Petitioner's conviction became final, *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001), and the state court's resolution of the motion did not restart the limitations period, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).

### 2. Equitable Tolling

Petitioner urges the Court to equitably toll the statute of limitations if it finds the habeas petition was untimely. The habeas statute of limitations is not jurisdictional, *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003), but a petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, __ U.S. __, __, 125 S. Ct. 1807, 1814 (2005). The Supreme Court has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations," *id*. at 1814 n.8, but the United States Court of Appeals for the Sixth Circuit has concluded "that equitable tolling does apply to the one-year limitation period applicable to habeas petitions." *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). Equitable tolling is appropriate only "after a court has properly considered and balanced the factors set out in *Andrews v. Orr,* [851 F.2d 146 (6th Cir. 1988)] unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009.

---

[2] As previously explained, the motion is dated July 20, 2001, but it was received and docketed on September 6, 2001.

> In applying this test, [courts] look to the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. *Id*. at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner does not allege that he lacked notice or constructive knowledge of the filing requirement. He also has not shown that he was diligent in pursuing his claims or that any ignorance of the filing requirement was reasonable. Although he faults his appellate attorney for not filing a timely direct appeal, the statute of limitations did not begin to run until the time for filing an appeal expired on June 24, 2000.

A properly filed post-conviction motion would have tolled the limitations period if Petitioner had filed such a motion before the limitations period expired. 28 U.S.C. § 2244(d)(2). It is unclear from the record why Petitioner's attorney waited more than a year after Petitioner's conviction became final to file a motion for relief from judgment. Nevertheless, it was unreasonable for Petitioner to believe that the federal statute of limitations would not begin to run until after his post-conviction motion was adjudicated in state court. The statute clearly reads that the period of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Court therefore concludes that Petitioner is not entitled to equitable tolling of the statute of limitations.

### 3. Actual Innocence

7

A final question is whether the period of limitations should be equitably tolled for actual innocence. "[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence." *Souter v. Jones*, 395 F.3d 577, 601 (6th Cir. 2005). Petitioner pleaded guilty, and he has not submitted any new and credible evidence of actual innocence. Thus, the exception for actual innocence is not applicable.

### B. Exhaustion/Procedural Default

Petitioner would not be entitled to the writ of habeas corpus even if his habeas petition were timely filed, because his claims are procedurally defaulted. State prisoners are required to fairly present the legal and factual basis for their claims to the state courts before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process, including a petition for discretionary review to a state supreme court when that review is part of the ordinary appellate review procedure in the state. *O'Sullivan*, 526 U.S. at 839-40, 845, 847.

Petitioner raised his habeas claims in the Michigan Court of Appeals, but when he attempted to present them to the Michigan Supreme Court, his application was rejected as untimely. Thus, at first blush, it appears that Petitioner's claims are unexhausted, because they were not fairly presented to the state supreme court.

The only post-conviction remedy currently available to state prisoners in Michigan is a motion for relief from judgment. Prisoners are limited to filing one motion for relief from judgment

unless they can (1) establish a retroactive change in the law or (2) produce new evidence that was not discovered before the first motion was filed.  Mich. Ct. R. 6.502(G).

Petitioner has filed one motion for relief from judgment, and he has not alleged a retroactive change in the law.  Nor has he set forth any new evidence that was discovered after he filed his first motion for relief from judgment.  Therefore, Petitioner is not eligible to file another motion for relief from judgment, and he lacks an effective state remedy to exhaust.  His claims must be deemed exhausted, but procedurally defaulted.  *See Gray v. Netherland*, 518 U.S. 152, 161 (1996) (concluding that the exhaustion requirement is satisfied if the habeas petitioner's claims are procedurally barred under state law).

**Cause and Prejudice**

The Court may excuse a procedural default if the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claims will result in a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Petitioner alleges that his appellate attorney placed the wrong case number on his original motion for relief from judgment and that this error subsequently led to confusion on the part of paralegals and caused a delay in copying and filing Petitioner's application in the Michigan Supreme Court.          Assuming this is true, the Court does not believe that the alleged clerical error constituted deficient performance or rose to the level of constitutionally ineffective assistance.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  Therefore, Petitioner's appellate attorney cannot be deemed "cause" for Petitioner's subsequent procedural default of failing to file a timely application in the Michigan Supreme Court.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Court need not determine whether Petitioner was prejudiced by the alleged constitutional

errors, because he has not shown "cause" for his procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). A miscarriage of justice will not occur from the failure to adjudicate the merits of Petitioner's claims, because Petitioner has not shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). Petitioner's claims are barred from substantive review by reason of his procedural default.

### III. Conclusion

Petitioner's claims are procedurally defaulted and barred by the statute of limitations. Therefore, the habeas petition [Doc. #1, July 19, 2005] is DISMISSED with prejudice. The Court declines to issue a certificate of appealability because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: February 13, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 13, 2006.

        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290